IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2008

Charles R. Fulbruge III
Clerk

————

No. 07-40277

————

RETRACTABLE TECHNOLOGIES INCORPORATED

Plaintiff - Appellee

V.

ABBOTT LABORATORIES INC

Defendant - Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
5:05-CV-157

————

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

After reviewing the briefs, hearing arguments, further study of the briefs and the record, we AFFIRM the judgment of the district court that, under the contract between the parties in this case, arbitration of the dispute at issue is not mandatory. Although the district court held that the contract was ambiguous and admitted parol evidence to reach its ultimate conclusion, we hold that the contract unambiguously makes arbitration permissive rather than mandatory. Accordingly, the judgment of the district court is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our affirmance is based on a matter of straightforward contract interpretation. The contract at issue requires that any dispute between the parties "shall" first be presented to the presidents of the respective parties, or their designees. If the parties fail to resolve the dispute on this level, the contract provides that the dispute "may" be resolved by arbitration "in the manner described" by an attached document, Exhibit 12.2. This reference in the contract to arbitration and to the an attached exhibit relates to the dispute itself and gives no right to any party to demand or "initiate" arbitration. Instead, the contractual provision referencing the exhibit allows arbitration only by mutual agreement, that is, it takes both parties to agree to arbitration. By the use of the word "may," the parties preserved other options to resolve disputes, including litigation. When, however, the parties mutually agree to arbitration, as is permitted by the contract and its use of the word "may," Exhibit 12.2 becomes applicable. Nothing in Exhibit 12.2 changes the permissive language of the contract provision. Exhibit 12.2 is only denominated "Alternative Dispute Resolution"; it is not denominated an "Agreement to Arbitrate" nor does it contain any suggestion, by word or words, that indicates that arbitration is mandatory absent mutual agreement. Exhibit 12.2 basically provides a lengthy list of arbitration procedures and the rights of the parties along with a prefatory statement that either party, after preliminary discussions have failed, "may" initiate arbitration. Thus, Exhibit 12.2 vests an individual right in each party to initiate the process, once mutually agreed to.

Given the structure outlined above, it is evident that the contract does not mandate the parties to resolve their disputes by arbitration; there is no agreement reflected anywhere in the contract to submit disputes to binding arbitration. The section of the contract itself discussing dispute resolution clearly indicates that arbitration is only a permissive manner to resolve disputes because the parties "may" rather than "shall" have their disputes resolved by

this procedure. And Exhibit 12.2 is a subordinate section that only outlines the procedural requirements of arbitration once the parties mutually agree to arbitrate the dispute. The statement in Exhibit 12.2 that either party may initiate arbitration refers to the right of each party, when, by mutual agreement, the procedures are invoked.

To the extent that one may attempt to argue that the respective arbitration provisions create an ambiguity, our interpretation of the contractual intent is fortified by extrinsic evidence clearly indicating that the parties' intent behind the wording was to make arbitration non-mandatory.

Accordingly, the judgment of the district court is AFFIRMED.

RHESA HAWKINS BARKSDALE, Circuit Judge, dissenting:

Consistent with the structure outlined by the esteemed majority, it is evident the contract mandates the parties to resolve their disputes by arbitration. Accordingly, I must respectfully dissent.

As correctly summarized by my BROTHERS, the contractual provision states: any dispute "shall" be presented to the other party for amicable resolution; but, if the parties cannot resolve the dispute, then it "may be resolved by [arbitration] in the manner described in Exhibit 12.2". (Emphasis added.) Exhibit 12.2, entitled "Alternative Dispute Resolution", provides: if a dispute cannot be resolved by the parties, then "either party may initiate an [arbitration] proceeding as provided herein". (Emphasis added.) The balance of the exhibit is the arbitration procedure.

In sum, the contract requires the parties to attempt to resolve a dispute amicably; if they cannot, either party "may" initiate arbitration. "May" is defined by Black's Law Dictionary as "1. To be permitted to", "2. To be a possibility", and "3. Loosely, is required to; shall; must . . . . In dozens of cases, courts have held may to be synonymous with shall or must". Black's Law Dictionary (8th ed. 2004). Therefore, both parties unambiguously gave their permission for the other to initiate arbitration if that party so desires; only if neither party desires arbitration can litigation take place. See, e.g., Deaton Truck Line, Inc. v. Local Union 612, 314 F.2d 418, 421-22 (5th Cir. 1962) (holding contract using "may" clearly gave either party the right to compel arbitration).

And, even if the clause is ambiguous and extrinsic evidence should be considered, the extrinsic evidence does not clearly indicate both parties' intent was to require mutual consent for arbitration of a dispute. This is reflected by Plaintiff's general counsel's drafting, but not proposing, "may with mutual consent" language.